stands for nothing more than the obvious: when a party to a contract claims that the other breached (such as by failing to pay an earn-out that was allegedly due), whether a breach has occurred depends upon what the parties did (or did not do) after the contract was formed. That evidence cannot be used, as the Superior Court did here, as an aid to interpreting the meaning of the contract. So although the parties' post-closing conduct is essential to determining whether the Beebe Wind Farm met the Purchase Agreement's definition of the "wind project under development in Lenawee County, Michigan," and, if so, whether the Beebe Wind Farm achieved the earn-out triggering milestones, it cannot—absent an ambiguity that the Superior Court did not identify—be used to determine what the parties meant by "the wind farm under development in Lenawee County, Michigan," and whether they understood it to be tethered to Lenawee County.

## V

For the foregoing reasons, the Superior Court's grant of summary judgment in favor of Deere is reversed, and this case is remanded with instructions to enter judgment in favor of Exelon.[42]

---

■

Virginia ROBINSON, Plaintiff Below, Appellant,

v.

STATE of Delaware, Defendant Below, Appellee.

No. 172, 2017

Supreme Court of Delaware.

Submitted: October 25, 2017

Decided: December 18, 2017

Court Below: Superior Court of the State of Delaware, C.A. No. S16C–11–001 ESB

AFFIRMED.

■

Walter E. RYAN, Jr., Plaintiff Below, Appellant,

v.

Alan S. ARMSTRONG, Joseph R. Cleveland, Kathleen B. Cooper, John A. Hagg, Juanita H. Hinshaw, Ralph Izzo, Frank T. MacInnis, Eric W. Mandelblatt, Keith A. Meister, Steven W. Nance, Murray D. Smith, Janice D. Stoney, and Laura A. Sugg, Defendants Below, Appellees.

and

---

**42.** In light of our conclusion that Exelon does not owe the earn-out payment, we need not address the Superior Court's rejection of the affirmative defenses that Exelon raised in the hopes of defraying some or all of that payment.

The Williams Companies, Inc., Nominal Defendant Below, Appellee.

No. 230, 2017

Supreme Court of Delaware.

Submitted: December 6, 2017

Decided: December 18, 2017

Court Below: Court of Chancery of the State of Delaware, C.A. No. 12717–VCG

AFFIRMED.

Mikeal J. STONE, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 588, 2016

Supreme Court of Delaware.

Submitted: October 5, 2017

Decided: December 18, 2017

Court Below—Superior Court of the State of Delaware, Cr. ID No. 1602010302 (N)

GRANTED. AFFIRMED.

Christopher GRAHAM, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 436, 2017

Supreme Court of Delaware.

Submitted: December 5, 2017

Decided: December 18, 2017

Court Below—Superior Court of the State of Delaware, Cr. ID No. 1610015362 (K)

DISMISSED.

James Arthur BIGGINS, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 494, 2017

Supreme Court of Delaware.

Submitted: December 14, 2017

Decided: December 18, 2017

Court Below—Superior Court of the State of Delaware, Cr. ID No. 9609015504 (N)

DISMISSED.